# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      Plaintiff,

  v.                                                Case No. 08-CR-172

**KEITH CANNADAY**
      Defendant.

## SENTENCING MEMORANDUM

Defendant Keith Cannaday pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and I ordered a pre-sentence report ("PSR") in anticipation of sentencing. The report recommended a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), based on defendant's prior conviction of second degree sexual assault of a child, which the PSR designated a crime of violence, then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 17. The PSR then set defendant's criminal history category at II, producing a guideline range of 27-33 months.

Prior to sentencing, I raised the issue of whether the sexual assault conviction – which, according to the charging document, involved a fourteen-year-old girl – qualified as a crime of violence. Compare United States v. Shannon, 110 F.3d 382 (7th Cir. 1997) (holding that, while not all statutory rapes are crimes of violence, the defendant's Wisconsin conviction for second degree sexual assault of a thirteen-year-old child was a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A)), with United States v. Thomas, 159 F.3d 296 (7th Cir. 1998) (holding that the defendant's Illinois statutory rape conviction of a sixteen-year-old girl was not a violent felony under 18 U.S.C. § 924(e)), and Xiong v. INS, 173 F.3d 601 (7th Cir. 1999) (holding that a

Wisconsin conviction for second degree sexual assault of a fifteen-year-old child was not a crime of violence under 18 U.S.C. § 16).[1] I ultimately concluded that an 18 month sentence was appropriate based on 18 U.S.C. § 3553(a), making it unnecessary to definitively resolve the issue. See United States v. Sanner, 565 F.3d 400, 406 (7th Cir. 2009) (holding that, where § 3553(a) factors drive the sentence, a district judge may avoid determining how a prior conviction fits under a particular guideline).

**I.**

In imposing sentence, the district court must consider all of the factors set forth in § 3553(a), United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008), including:

(1) the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

---

[1] According to the judgment, defendant was convicted under Wis. Stat. § 940.225(2)(e). That statutory provision was later moved and recreated at Wis. Stat. § 948.02, the statute at issue in Shannon and Xiong.

2

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. § 3553(a)(2). While the guideline range will generally be the starting point in making this determination, the district court may not presume that the guideline sentence is the correct one. Nelson v. United States, 129 S. Ct. 890, 892 (2009); Gall v. United States, 128 S. Ct. 586, 596-97 (2007); Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must independently determine an appropriate sentence based on all of the circumstances of the case and under all of the § 3553(a) factors. See Gall, 128 S. Ct. at 596-97; United States v. Carter, 530 F.3d 565, 578 (7th Cir.), cert. denied, 129 S. Ct. 474 (2008); United States v. Taylor, 586 F. Supp. 2d 1065, 1068 (E.D. Wis. 2008).

**II.**

On June 18, 2008, police executed a search warrant, issued as part of a drug trafficking investigation of defendant's brother, at defendant's residence, pursuant to which officers recovered two firearms, a .357 and a .32. As a convicted felon, defendant could not possess guns. Defendant admitted buying the firearms for protection but realized that this was unlawful due to his status.

At age forty-six, defendant had a record going back twenty-five years, with convictions for carrying a concealed weapon, disorderly conduct, entry into a locked vehicle, and battery numerous times between 1982 and 1988. Several of the batteries involved domestic abuse. In 1989, defendant was convicted of second degree sexual assault in a case involving sexual

3

intercourse with a fourteen-year-old girl. State authorities paroled defendant on that case in 1993, but later revoked him twice, including based on new criminal conduct, a 1994 resisting case involving a violent confrontation with police. However, after that, defendant's contacts slowed; he had just one further entry on his record – a 2005 resisting/obstructing case handled in municipal court. Due to the age of most of defendant's convictions, he fell in criminal history category II under the sentencing guidelines.

Defendant reported a good childhood, but he had problems since then (in addition to his brushes with the law): dropping out of school, abusing drugs, working irregularly. Defendant had two children, both adults, who apparently spent time in foster care when they were younger, and child support arrears of over $60,000. He performed rather poorly on bond in this case: submitting positive drug tests and failing to show for others, failing to attend counseling. At sentencing, he admitted a drug problem but expressed a desire to address it. The PSR discussed defendant's mental health and substance abuse issues, which appeared to be intertwined, as well as a diagnosis of hepatitis C. Based on his statements to the PSR writer and during his allocution, defendant appeared to have plans for the future, but he had not demonstrated a great deal of positive behavior while in the community.

The guidelines called for a term of 27-33 months if the sexual assault was designated a crime of violence, 12-18 months if not.[2] Based on the particular facts of the case, I agreed that a substantial prison term was needed, although not one exceeding two years. First, the record suggested no aggravating circumstances surrounding the offense. The guns were

---

[2] Absent the crime of violence designation, the base level would have been 14, U.S.S.G. § 2K2.1(a)(6)(A), minus 2 (rather than 3) levels for acceptance of responsibility under § 3E1.1 (because the level prior to application of that provision was less than 16), for a final level of 12.

4

found in defendant's home pursuant to a warrant; he was not carrying them around on his person or in his car. There was no indication that he had or intended to use them, or that they were connected to his brother's alleged drug activities. He cooperated with the officers at the time, readily admitting his weapon possession, and promptly accepted responsibility in this court. Therefore, although the crime was serious, a sentence of less than two years sufficed to provide just punishment and promote respect for the law.

Second, although defendant had a lengthy record, it was rather old, consisted mainly of misdemeanors, and included no previous history of gun violence or improper use of guns. His battery convictions caused some concern, but they were older and appeared to have arisen out of a turbulent relationship, which had been mended. The record contained no suggestion of violence – and just one contact – in the past fifteen years. Nor did the record indicate that the sexual assault case involved any violence or threats.[3] Therefore, although that offense constituted a very serious matter, it did not suggest that defendant posed a risk of gun violence. The instant offense did not present an obvious threat to the public, either. Defendant's drug use presented primarily a threat to his own health and welfare. Given these facts, I found a prison sentence of less than two years, followed by lengthy supervision with conditions, sufficient to deter and protect the public. I also noted that research shows recidivism tends to decline among those around defendant's age, and he had expressed remorse at re-offending, facing more prison at his stage of life. See United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at 12 (2004) (stating that recidivism rates decline steadily with age, from 35.5% for offenders age 21

---

[3]Under applicable Wisconsin law, sexual intercourse with a child under the age of sixteen, even if consensual, constitutes second degree sexual assault.

5

and younger to 9.5% for offenders over age 50).

Under all of the circumstances, I found a sentence of 18 months sufficient but not greater than necessary. This sentence was sufficient to promote respect for the law and deter defendant and other felons from possessing firearms. The sentence was based on § 3553(a) and would have been the same regardless of the guidelines and the classification of defendant's sexual assault conviction. The sentence fell at the high end of the range if the prior felony was <u>not</u> a crime of violence and was modestly below if it <u>was</u> a crime of violence. For the reasons stated, if the prior felony was technically a crime of violence, I found under § 3553(a) that it did not suggest that defendant posed a significant danger with a gun, justifying a sentence of greater than 18 months.

**III.**

I therefore committed defendant to the custody of the Bureau of Prisons for 18 months, followed by three years of supervised release. I selected the maximum supervision term to ensure that defendant was monitored and addressed his drug and mental health treatment needs. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6